# EXHIBIT 1

Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:          310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
JOBIAK LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBIAK, LLC., a Delaware Limited Liability Company;<br><br>        Plaintiff,<br><br>    vs.<br><br>ASPEN TECHNOLOGY LABS, INC., a Colorado Corporation;<br><br>        Defendant. | Case No.: 2:23-cv-8728<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **COMPUTER FRAUD AND ABUSE ACT**<br>3. **CALIFORNIA COMPREHENSIVE COMPUTER ACCESS AND FRAUD ACT**<br>4. **UNFAIR COMPETITON**<br><br>**JURY TRIAL DEMAND** |

COMPLAINT

PLAINTIFF JOBIAK LLC, a Delaware Limited Liability Company, doing business as Jobiak ("Plaintiff") hereby files this complaint against ASPEN TECHNOLOGY LABS, INC., a Colorado Corporation, doing business as AspenTechLabs ("Defendant") and alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff is an AI-based recruitment platform and company founded in 2018 that offers a unique service of quickly and directly publishing job postings on Google. The company takes pride in being an industry innovator, leveraging machine learning technology to optimize job descriptions in real-time, making it the first to offer such an automated database for job postings. As such, Plaintiff has taken the steps in order to protect its intellectual property rights in its automated database. Plaintiff obtained federally registered copyrights over "ALL JOBS by Jobiak" TX 9-309-827.

2.      Defendant Aspen Technology Labs operates in a similar line of business as Plaintiff, utilizing AI technology to assist in job searches and related operations. Plaintiff discovered that Defendant had maliciously scraped Plaintiff's proprietary database and subsequently incorporated its contents directly into its own job listings.

3.      As a result of Defendant's wrongful behavior, Plaintiff has experienced significant financial losses, reputational damage, and a decline in market share. The Defendant has infringed upon Plaintiff's intellectual property rights and continues to do so.

4.      Moreover, the scraping of Plaintiff's database constitutes Computer Fraud and Abuse. Additionally, Defendant's engagement in such deceptive practices amounts to unfair competition, exacerbating the harm inflicted on Plaintiff's business.

COMPLAINT

# PARTIES

5.     Plaintiff is now, and at all times, a Delaware limited liability company, having principal place of business in 11 Boxwood Road Westford, MA 01886.

6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Aspen Technology Labs Inc., is now and at all times relevant herein was, a Colorado corporation having principal place of business at 600 E. Hopkins Drive, Suite 303, Aspen, CO 81611.

7.      Plaintiff is informed and believes, and on that basis alleges, that Defendant is responsible for their acts and their conduct, which are the true legal causes of the damages herein alleged.

8.     If discovery reveals that Defendant is working in concert with one or more other persons, Plaintiff reserves the right to amend its complaint accordingly.

# JURISDICTION AND VENUE

9.     This court has federal jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of federal statutes, including the CFAA, 18 U.S.C. §§ 1030, and the DMCA 17 U.S.C. §§ 1201 et. seq. The Court has supplemental jurisdiction of causes of action pleaded herein pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391, because a substantial part of the events or omission giving rise to the claims occurred in this district.

11.     At all relevant times, Defendant has consistently, knowingly, and intentionally directed their wrongful actions towards Jobiak LLC, a company with clients, contracts, and employees located within this judicial district.

12.     Personal jurisdiction as to Defendant is conferred on this Court because Defendant has purposefully availed itself of the benefits and privileges of transacting business within the State of California. In particular, Defendant lists job postings on

COMPLAINT

at least   https://ups.thehiringstore.com/california   catering to the California job market.

13.    This Court also has personal jurisdiction over Defendant because Defendant has caused injury to Plaintiff within the State of California and within this judicial district.

14.    Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) in that a substantial injury occurred and continues to occur in this District.

## FACTUAL BACKGROUND

15.    Founded in 2018, Plaintiff is a company that provides an AI-based recruitment platform that is designed to quickly and directly publish job postings on Google. Plaintiff takes pride as an industry innovator that has successfully fused machine learning technology with practical recruitment approaches and developed the first AI-based platform that provides such services. Using proprietary technology, Plaintiff has been the first to not only scrape 100% of all online jobs in real-time but also automate the conversion and optimization of job descriptions to meet Google's schema requirements. From its inception, no other company had a similar process to Plaintiff's automated database.

16.    Plaintiff possesses intellectual property rights in its Automated Database entitled "ALL JOBS by Jobiak", which is a compilation of database information including descriptions, categories, job listings, and layout designs. Plaintiff's automated database consists of wholly original material, which is copyrightable subject matter under the laws of the United State pursuant to U.S.C. § 101 *et seq*. Indeed, Plaintiff is the owner of U.S. Copyright Registration No. TX 9-309-827 for an 'Automated Database Entitled "ALL JOBS by Jobiak" (the "Registration"). *See* **EXHIBIT A** for a true and correct copy of the Registration.

17.    On or around March 2022,  it came to Plaintiff's attention that the

aforementioned work is being used for commercial purposes without permission by, Defendant Aspen Technology Labs, doing business as AspenTechLabs ("AspenTechLabs" or "ATL").

18. On information and belief, AspenTechLabs has been "scraping" the data from Plaintiff's website and using this database on at least the AspenTechLabs website (https://aspentechlabs.com/). *See* **EXHIBIT B** for an example of AspenTechLabs' infringing listings.

19. Defendant's infringement is evidenced by the use of a similar layout design and search key title words used at the end of each job description, which was formulated by Plaintiff's proprietary keyword technology. In Plaintiff's job descriptions, there are often a few irrelevant keywords that have no relation to the position listed. Notably, Defendant has copied each of these dummy keywords. For example, for a "Heavy Equipment Operator" job at Amazon, Plaintiff included search keywords like "care giver," Starbucks bartender," and "bakery wrapper," all of which appear verbatim in ATL's corresponding listing. *See* **EXHIBIT B**.

20. On or around March 23, 2022, Plaintiff, through counsel, sent a letter that informed Defendant of their infringement and demanded that Defendant cease and desist further infringement. *See* **EXHIBIT C** for a true and correct copy of that letter, which was transmitted via electronic mail.

21. On March 30, 2022, Defendant sent a letter requesting additional details regarding the infringement. *See* **EXHIBIT D**. On April 29, 2022, Plaintiff sent another letter providing details of the infringement and reiterating its demands. *See* **EXHIBIT E** for a true and correct copy of that letter which was transmitted via electronic mail.

22. Plaintiff is informed and believes, and on that basis alleges, that at least on or before March 23, 2022, Defendant had actual notice of Plaintiff's intellectual property rights. Defendant's use and infringement is therefore willful.

23. Plaintiff has not authorized or licensed Defendant to use or exploit any

portion of its automated database. Plaintiff is informed and believes, and thereon alleges that Defendant knowingly and without authorization copied the automated database code through "scraping" the data from Plaintiff's website.

24. Plaintiff owns all rights, title, and interest in and to the automated database, and possesses the right to sue for and obtain equitable relief and damages for infringement of the Copyright. Plaintiff, by obtaining Registration with the United States Copyright Office, has complied in all respects with the requirements of 17 U.S.C. § 411(a) and is fully entitled to bring this action for Defendant's infringement.

25. As a direct and proximate result of Defendant's willful copyright infringement and scraping activities, Plaintiff has suffered and will continue to suffer, monetary loss and irreparable harm to its business, reputation, and goodwill. Defendant has also obtained an unfair competitive advantage, as it has been able to compete in the market place without investing the time, money, and other resources to develop the automated database.

26. Defendant's infringements were and are willful, in bad faith, and executed with full knowledge of Plaintiff's Copyright, and in conscious disregard for Plaintiff's exclusive rights.

27. Defendant's deliberate infringement of Plaintiff's Copyrights has greatly and irreparably damages Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction.

//

//

COMPLAINT

# FIRST CLAIM FOR RELIEF

## Copyright Infringement under 17 U.S.C. § 501

28.   Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 27 above and incorporates them by reference.

29.   Plaintiff owns valid copyrights in the Copyrights at issue in this case.

30.   Plaintiff registered the Registration with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). A true and correct copy of the Certificate of Registration from the United States Copyright Office is attached as **EXHIBIT A** hereto.

31.   The Copyrighted Work is wholly original with Plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

32.   Defendant's improper use of Plaintiff's copyrighted work was done without Plaintiff's permission and does not constitute fair use of Plaintiff's Copyrights.

33.   Defendant's above-described acts constitute copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

34.   Defendant is willfully infringing Plaintiff's copyright by reproducing, displaying, distributing, and creating derivative works of the work without permission in violation of the Copyright Act, 17 U.S.C. § 106. The infringement was willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard of Plaintiff's rights.

35.   By reason of the infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Copyrights.

36.   Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Defendant

COMPLAINT

and all persons acting in concert with Defendant from engaging in further acts of copyright infringement.

37.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of copyright infringement.

38.    At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

39.    Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

40.    Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Plaintiff's Copyrights.

## SECOND CLAIM FOR RELIEF

### Computer Fraud and Abuse Act- 18 U.S.C. § 1030 *et seq.*

41.    Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 40 above and incorporates them by reference.

42.    Plaintiff's computers and servers are involved in interstate and foreign commerce and communication, and are therefore protected computers, as defined by 18 U.S.C. § 1030(e)(2).

43.    As a precautionary measure against computer fraud and abuse, Plaintiff has implemented a comprehensive security strategy. This includes utilizing AWS servers and the security features they provide, restricting access to the job listings to prevent scraping and permitting only specific IP addresses to access the listings and implementing protocols designed to detect and prevent an unusually high volume of requests originating from a single IP address within a short time frame.

44.     Defendant knowingly and intentionally accessed Plaintiff's computers and servers without authorization or in excess of authorization. They have circumvented various technological barriers Plaintiff has employed to protect its computers, servers, and automated database against unauthorized access.

45.     After accessing Plaintiff's computers and servers without authorization or in excess of authorization, Defendant accessed, obtained, and used valuable information from Plaintiff's computers and servers in transactions involving interstate or foreign communications in violation of 18 U.S.C. § 1030(a)(2). This information includes among other things, the contents of Plaintiff's automated database, and this use includes, among other things, distributing that content to others.

46.     Defendant has knowingly caused the transmission of a program, information, code, or command of Plaintiff, without authorization, and as a result of such conduct, intentionally caused damage to Plaintiff's protected computers in violation of 18 U.S.C. § 1030(a)(5)(A).

47.     Defendant has intentionally accessed a protected computer without authorization and as a result of such conduct, caused reckless damage to Plaintiff's protected computers, in violation of 18 U.S.C. § 1030(a)(5)(B).

48.     Plaintiff has suffered damage and loss by reason of these violations, including, without limitation, harm to Plaintiff's computer systems, expenses associated with being forced to investigate and respond to the unauthorized access and abuse of its computers and servers, and other losses and damage in an amount to be proven at trial, in excess of $ 5,000 aggregated over a one-year period.

49.     In addition, Plaintiff has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

# THIRD CLAIM FOR RELIEF

## California Comprehensive Computer Access and Fraud Act

### - Cal Penal Code § 502 *et seq.*

50. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 49 above and incorporates them by reference.

51. Plaintiff's computers and servers are computers, computer systems, and/or computer networks within the meaning of Cal.Penal Code §502(b).

52. As a precautionary measure against computer fraud and abuse, Plaintiff has implemented a comprehensive security strategy. This includes utilizing AWS servers and the security features they provide, restricting access to the job listings to prevent scraping and permitting only specific IP addresses to access the listings and implementing protocols designed to detect and prevent an unusually high volume of requests originating from a single IP address within a short time frame.

53. Defendant knowingly and intentionally accessed Plaintiff's computers and servers without authorization or in excess of authorization. They have circumvented various technological barriers Plaintiff has employed to protect its computers, servers, and automated database against unauthorized access.

54. Defendant knowingly accessed, without permission, and used Plaintiff's data from its computer, computer system, and/or computer network, in order to wrongfully obtain property or data, in violation of Cal.Penal Code §502(c)(1).

55. Defendant knowingly accessed, without permission, and made use of Plaintiff's data from its computer, computer system, and/or computer network, in violation of Cal.Penal Code §502(c)(2).

56. Defendant knowingly, and without permission, used or caused to be used Plaintiff's computer, computer system, and/or computer network, in violation of Cal.Penal Code §502(c)(3).

57.     Defendant knowingly, and without permission, provided or assisted in providing a means of accessing Plaintiff's computer, computer system, and/or computer network, in violation of Cal.Penal Code §502(c)(6).

58.     As a direct and proximate result of Defendant's unlawful conduct, Defendant has caused damage to Plaintiff in an amount to be proven at trial. Plaintiff is also entitled to recover its reasonable attorney's fees pursuant to Cal.Penal Code §502(e).

59.     Plaintiff believes that Defendant's acts were willful and malicious, including that Defendant's acts described above were done with the deliberate intent to harm Plaintiff. Plaintiff is therefore entitled to punitive damages.

60.     In addition, Plaintiff has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition - Cal. Bus. & Prof. Code § 17200 et seq.

61.     Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 60 above and incorporates them by reference.

62.     California Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

63.     At all times mentioned herein, Defendant has engaged in "unfair" business practices. Defendant has maliciously disrupted Plaintiff's business by intentionally and systematically accessing and scraping Plaintiff's automated database, thereby infringing upon Plaintiff's copyrights. Such acts by Defendant are

1    unlawful.

2        64.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff

3    has been, is now, and will be irreparable injured and damaged by Defendant's

4    aforementioned acts. Unless Defendant is enjoined by this Court, Plaintiff will suffer

5    further harm to its business. This harm constitutes an injury for which Plaintiff has

6    no adequate remedy at law.

7        65.    Defendant has acted with the intent to disrupt Plaintiff's business and

8    thus, its acts are willful and intentional.

9        66.    Defendant should be required to restore to Plaintiff its lost revenue as a

10   result of Defendant's unlawful business acts or to provide Plaintiff with any other

11   restitutionary relief as the Court deems appropriate.

12

13                          **FIFTH CLAIM FOR RELIEF**

14       **The Digital Millennium Copyright Act –17 U.S.C. § 1201 *et seq.***

15

16       67.    Plaintiff hereby restates and realleges the allegations set forth in

17   paragraphs 1 through 66 above and incorporates them by reference.

18       68.    Plaintiff employs various layers of technological protections –

19   including utilizing AWS servers and the security features they provide, restricting

20   access to the job listings to prevent scraping, permitting only specific IP addresses

21   to access the listings, and implementing protocols designed to detect and prevent an

22   unusually high volume of requests originating from a single IP address within a short

23   time frame – in order to protect its computers, servers, and data from unauthorized

24   access and copying, including through automated crawling and scraping

25   technologies. These technological protection measures effectively control access to

26   the copyrighted materials on Plaintiff's servers, including its copyrighted automated

27   database.

         69.    Despite Plaintiff's efforts to protect its database from third-party

COMPLAINT

unauthorized access, Defendant circumvented the technological measures and additional safeguards – and gained unauthorized access to copyrighted material, in violation of 17 U.S.C. § 1201(a)(1).

70.     As a result of Defendant's wrongful acts, Plaintiff has suffered, is continuing to suffer, and will continue to suffer damages to be proven at trial. Plaintiff is further entitled to all profits attributable to Defendant's wrongful acts to be proven at trial pursuant to 17 U.S.C. § 1201(c).

71.     Alternatively, upon its election at any time before final judgment is entered, Plaintiff is entitled to recover statutory damages pursuant to 17 U.S.C. § 1203.

72.     As a direct and proximate result of Defendant's wrongful act, Plaintiff has been, is now, and will be irreparable injured and damaged by Defendant's aforementioned acts. Unless Defendant is enjoined by this Court, Plaintiff will suffer further harm to its business. This harm constitutes an injury for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

//

//

//

//

COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A. Entry of a judgment that Defendant has infringed Plaintiff's Copyright;

B. Entry of a judgment that Defendant willfully and deliberately infringed Plaintiff's Copyright;

C. An order preliminarily and permanently restraining Defendant and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's Copyright;

D. An Order preliminarily and permanently restraining and enjoining Defendant, its officers, agents, attorneys and employees, and those acting in privity or concert with Defendant, from:

      a. Accessing or using Plaintiff's website, servers, systems, database, and any data displayed or stored therein, including through scraping and crawling technologies, for any commercial purpose whatsoever

      b. By extracting and copying Plaintiff's data and databases to their own their own servers or systems or those controlled by them.

E. An order of an independent accounting of all of Defendant's financial records relating to their infringing activities in order to determine the sums of money owed to Plaintiff;

F. An order requiring Defendant to pay to Plaintiff all damages or other monetary relief, including but not limited to all gains, profits, and advantages derived by Defendant as a result of Defendant's infringement of the Copyright, in an amount to be determined at trial;

G. An order requiring Defendant to pay to Plaintiff statutory damages of

COMPLAINT

$150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

H. An order requiring Defendant to pay Plaintiff treble damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. 6 284;

I. An award of costs and reasonable attorneys' fees relating to this action pursuant to 17 U.S.C. § 505 and 35 U.S.C. § 285;

J. Pre-judgment and post-judgment interest and costs in bringing this action against Defendant; and

K. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 17th day of October, 2023.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff,
Jobiak LLC

COMPLAINT