# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jobiak LLC,<br>        Plaintiff,<br><br>                    v.<br><br>Aspen Technology Labs Inc.,<br>        Defendant. | 2:23-cv-08728-DSF-MAA<br><br>ORDER GRANTING MOTION<br>TO DISMISS FOR LACK OF<br>JURISDICTION<br><br>(Dkt. 18) |

Defendant Aspen Technology Labs Inc. moves to dismiss Plaintiff Jobiak LLC's complaint for lack of personal jurisdiction.  Dkt. 18 (Mot.). Jobiak opposes.  Dkt. 24 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

Jobiak is a Delaware corporation with its principal place of business in Massachusetts.  Dkt. 1 (Compl.) ¶5.  Aspen is a Colorado corporation with its principal place of business in Colorado.  Compl. ¶6.

Jobiak was founded in 2018 as an AI-based recruitment platform designed to publish job postings on Google.  Compl. ¶15.  Jobiak scrapes job postings from across the internet, converts and optimizes them to meet Google's schema requirements.  Id.  It claims intellectual property rights in its automated database, which is a compilation of

information including descriptions, categories, job listings, and layout designs.  Compl. ¶16.

Allegedly, around March 2022, Jobiak learned that Aspen was using its database for commercial purposes.  Compl. ¶17.  Jobiak alleges Aspen uses a similar layout design and search key title words at the end of job descriptions.  Compl. ¶19.  At the end of Jobiak's job descriptions, its software places several irrelevant keywords that have no relation to the posting listed.  Id.  It alleges Aspen has copied these dummy keywords in Aspen's postings.  Id.  For example, for a "Heavy Equipment Operator" job at Amazon, Jobiak included search keywords like "care giver," Starbucks bartender," and "bakery wrapper" in its listing.  Id.  All of these terms appear verbatim in Aspen's corresponding listing.  Id.

Jobiak brings claims for copyright infringement, violation of the Computer Fraud and Abuse Act, the California Comprehensive Computer Access and Fraud Act, the Digital Millennium Copyright Act, and unfair competition.

## II. Legal Standard

A defendant may seek dismissal of an action due to lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis."  Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994).  "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute."  Id.  "Second, the exercise of jurisdiction must comport with federal due process."  Id. at 1404-05.  The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  LNS Enters. LLC v. Cont'l Motors, Inc., 22 F.4th 852, 858 (9th Cir. 2022) (quoting Walden v. Fiore, 571 U.S. 277, 283 (2014)).  Because California's long-arm statute reaches as far as due process allows, the Court need only consider whether the exercise of jurisdiction comports with due process.

2

Yahoo! Inc. v. La Ligue Le Racisme et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (per curiam).

Personal jurisdiction may be either general or specific. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." Ford Motor Co., 141 S. Ct. at 1024.

It is the plaintiff's burden to establish that the defendant has sufficient minimum contacts with California to satisfy due process. See Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 979 (9th Cir. 2021). However, when no evidentiary hearing is held, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (simplified). In determining whether plaintiff has made this prima facie showing, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor . . . ." Id. (simplified); see also Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (plaintiff need only demonstrate facts that if true would support jurisdiction).

### III. Discussion

Aspen is a Colorado-based corporation. Dkt. Compl. ¶6. There are no allegations supporting a conclusion that it is "essentially at home" in California. Ford Motor Co., 141 S. Ct. at 1024. Therefore, the Court does not have general jurisdiction.

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction can be established over a non-resident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting

activities in the forum; (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.  See Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017).

For copyright infringement, and tort claims, courts use the purposeful direction test.  Id. at 1069.  "The defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Id. (simplified).

"Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'"  Id. (quoting Walden v. Fiore, 571 U.S. at 285).  "Something more—conduct directly targeting the forum—is required to confer personal jurisdiction."  Id.

Jobiak alleges that Aspen has "consistently, knowingly, and intentionally directed their [sic] wrongful actions towards Jobiak LLC, a company with clients, contracts, and employees located within this judicial district," Compl. ¶¶11, and has allegedly caused injury to Jobiak within California.  Compl. ¶13.  But the Supreme Court has warned that "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."  Walden, 571 U.S. at 290.  Whether Jobiak has clients, contracts, and employees located within the Central District is irrelevant.  The proper question is not where Jobiak experienced a particular injury or effect but whether Aspen's conduct connects it to California in a meaningful way.  See id.

Jobiak alleges that Aspen's website contained copyrighted material.  Compl. ¶18.  "Mere passive operation of a website is insufficient to demonstrate express aiming"; Aspen must have both actively appealed to and profited from an audience in California.  Will Co. v. Lee, 47 F.4th 917, 922–23 (9th Cir. 2022).  Jobiak has not alleged

4

an active appeal or profit based on Aspen's website.  If Aspen's website did harm to Jobiak in California, it did harm to Jobiak in every state where Jobiak has a presence.  The Ninth Circuit has rejected the proposition that a plaintiff may bring its claims in any state in which it had a presence at the time of the alleged copyright infringement.  See AMA Multimedia, LLC v. Wanat, 970 F.3d 1201, 1211 (9th Cir. 2020).  Jurisdiction in internet-based disputes does not exist "solely by virtue of [the copyrighted material's] universal accessibility[.]"  Id.

Jobiak also alleges that Aspen's clients connect it to the forum.  One of Aspen's clients is Amazon, which has a substantial presence in California through its delivery service and the retail locations of its subsidiary–Whole Foods.  Dkt. 24-1 (Khalifeh Decl.) ¶¶3, 4.  These allegations still focus on Aspen's clients, not Aspen.  There are no allegations that Aspen serviced its clients' California-based operations or that its relationship with Amazon has any connection to Jobiak's claims.  The mere allegation that Jobiak has clients in California does not concern "defendant's 'own contacts' with the forum[,]" which is the object of the express aiming analysis.  Axiom Foods, Inc., 874 F.3d at 1070.

Finally, Jobiak alleges that Aspen lists job postings and maintains a website that caters to the California market.  Compl. ¶12.  This is the kind of active appeal to the forum that can support specific jurisdiction of a copyright claim.  See Will Co., 47 F.4th at 922–23.  In Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011), the Ninth Circuit held was personal jurisdiction in the Central District where an out of state Defendant used "copyrighted photos as part of its exploitation of the California market for its own commercial gain."  Aspen's website exploiting the California market "connects [it] to the forum in a meaningful way."  Walden, 571 U.S. at 290.  However, there is no allegation that Aspen used Jobiak's copyrighted material to target the California market or that any of Jobiak's copyrighted material appeared on Aspen's website that caters to the California market.  The allegedly infringing job post attached to the complaint targets Connecticut.  Dkt. 1-1 (Ex. B).

For this Court to have jurisdiction over copyright infringement and tort-based claims against an out of state defendant, the claims must arise out of the defendant's forum-related activities. <u>Axiom Foods, Inc.</u>, 874 F.3d at 1068. Jobiak has not adequately alleged that its claims are connected to Aspen's targeting of the California market.[1]

Aspen argues that the Court lacks personal jurisdiction because there are no allegations that Jobiak's database or website is hosted on servers in California, so none of the web scraping or unauthorized access took place in California. Mot. at 7. The location of a defendant's server can be relevant for an express aiming analysis in a copyright infringement claim. <u>See</u> <u>Will Co.</u>, 47 F.4th at 926. Here, Jobiak's lack of servers in California is more relevant to its statutory claims, which concern unauthorized access of a computer or server. <u>See</u> <u>WhatsApp Inc. v. NSO Grp. Techs. Ltd.</u>, 472 F. Supp. 3d 649, 672 (N.D. Cal. 2020), <u>aff'd on other grounds</u>, 17 F.4th 930 (9th Cir. 2021). Jobiak's lack of technological infrastructure in California also supports the Court's conclusion that it lacks personal jurisdiction over Aspen.

## IV. Conclusion

Aspen's motion to dismiss is GRANTED. Jobiak is granted leave to amend his complaint in conformity with this Order if it can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. An amended complaint may be filed and served no later than March 4, 2024. Failure to file an amended complaint by that date will waive Jobiak's right to do so and the case will be dismissed without prejudice but without leave to amend. If Jobiak chooses to file an amended complaint, it should carefully consider the other issues raised by Aspen's motion and amend its claims where appropriate. Jobiak must provide a redlined version of the amended complaint to the Court's generic chambers email.

---

[1] Because the Court grants Aspen's motion to dismiss for lack of personal jurisdiction, it does not reach Aspen's arguments that the complaint fails to state a claim.

IT IS SO ORDERED.


Date: February 5, 2024

_____

Dale S. Fischer
United States District Judge