# EXHIBIT 4



UNITED STATES COPYRIGHT OFFICE

# COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES

THIRD EDITION



JANUARY 2O21

COMPENDIUM: Chapter 1100

# Registration for Multiple Works

| | | |
|---|---|---|
| 1101 | What This Chapter Covers | 9 |
| 1102 | [Reserved] | 10 |
| 1103 | The Unit of Publication Option | 10 |
| 1103.1 | What Is a Unit of Publication? | 10 |
| 1103.1(A) | The Unit Must Contain Separately Fixed Component Works | 11 |
| 1103.1(B) | The Unit Must Contain an Actual Copy or Phonorecord of the Works | 11 |
| 1103.1(C) | The Works Must Be Physically Bundled in the Unit | 11 |
| 1103.1(D) | The Works Must Be Distributed to the Public in the Unit | 12 |
| 1103.1(E) | Works That Do Not Qualify as a Unit of Publication | 12 |
| 1103.2 | Eligibility Requirements | 13 |
| 1103.3 | Registration Requirements | 14 |
| 1103.4 | Completing the Application | 15 |
| 1103.4(A) | Type of Work | 15 |
| 1103.4(B) | Title | 16 |
| 1103.4(C) | Publication / Completion | 17 |
| 1103.4(D) | Authors of the Component Works | 18 |
| 1103.4(E) | Manufacturer, Publisher, Producer, Packager, or Creator of the Unit of Publication | 18 |
| 1103.4(F) | Author Created / Nature of Authorship | 19 |
| 1103.4(G) | Claimants / Transfer Statement | 20 |
| 1103.4(H) | Limitation of Claim | 20 |
| 1103.4(I) | Rights and Permissions Information | 21 |
| 1103.4(J) | Correspondent / Mailing Address for the Certificate of Registration | 21 |
| 1103.4(K) | Special Handling | 21 |
| 1103.4(L) | Certification | 21 |
| 1104 | The Sound Recording / Recorded Work Option | 22 |
| 1105 | Group Registration | 23 |
| 1105.1 | What Is a Group Registration? | 24 |
| 1105.2 | Group Registration Options | 24 |

want to reveal his or her identity in the registration record, then as discussed in Section 1111.7(K), the author should not provide his or her real name in the certification field. Instead, the application should be certified by the author's duly authorized agent or an owner of the exclusive rights in the works. Alternatively, the author may provide his or her pseudonym in the certification field if the author is completing the application on his or her own behalf.

**1112    Group Registration of Database Updates and Revisions**

This Section discusses the U.S. Copyright Office's current practices and procedures for registering a group of updates or revisions to a database.

This group registration option may be used to register a specific version of a database that existed on a particular date and/or the subsequent updates or revisions to that database within a three-month period. It may be used to register a group of updates or revisions to a single-file or a multi-file database, regardless of whether prior versions of the database have been registered before.

This Section also discusses the Office's current practices and procedures for registering updates or revisions to a database that predominantly consists of photographs.

As discussed below, the Office allows applicants to register groups of photographs, provided that certain requirements have been met. The procedures for registering a group of photographs are discussed in Section 1114, and the procedures for registering photographs that have been published as a contribution to a periodical are discussed in Section 1110. Individual photographers may use any of these options to register their images, but they cannot use the group registration option for photographic databases, even if their images have been included in a database that consists predominantly of photographs. The group registration option for photographic databases is only available for database owners, such as stock photography agencies and other copyright owners that wish to register the authorship involved in creating the database, as well as the photographs within the database that were authored by or transferred to the copyright claimant. *See* Deposit Requirements for Registration of Automated Databases that Predominantly Consist of Photographs, 77 Fed. Reg. 40,268, 40,269 & n.1 (July 9, 2012).

Databases pose special problems for the Office because they are constantly changing and the updates or revisions typically contain small increments of information. Due to the processing costs and administrative burdens involved with examining these types of works, the Office applies this regulation narrowly and does not apply this group registration option to other groups of related works. In particular, this option cannot be used to register the updates or revisions to a website or a computer program. While a website may be used to access a database and a computer program may be used to manipulate the information within a database, these works are not databases as defined in Section 1112.1 below.

*See generally* Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177 (Mar. 31, 1989).

### 1112.1 What Is a Database?

Following an extensive rulemaking, the U.S. Copyright Office concluded that a database created or published on a particular date and any subsequent updates and revisions to that database may qualify as a "group of related works" under Section 408(c)(1) of the Copyright Act. The Office explained that "factors such as [the] size, complexity and technological characteristics" of these works, as well as their "rapidly changing content" "distinguish the automated database from other groups of related works." *See* Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,178 (Mar. 31, 1989).

For purposes of copyright registration, a database is defined as a compilation of digital information comprised of data, information, abstracts, images, maps, music, sound recordings, video, other digitized material, or references to a particular subject or subjects. In all cases, the content of a database must be arranged in a systematic manner, and it must be accessed solely by means of an integrated information retrieval program or system with the following characteristics:

- A query function must be used to access the content.

- The information retrieval program or system must yield a subset of the content, or it must organize the content based on the parameters specified in each query.

A single-file database is a database comprised of one data file that contains a group of data records pertaining to a common subject, regardless of the size or amount of the data that the records contain. A multi-file database is a database comprised of separate and distinct groups of data records covering multiple subjects. A data record contains all the information related to a particular unit of information within a database. A data file is defined as a group of data records pertaining to a common subject matter, regardless of the size of the records or the amount of data they contain. 37 C.F.R. § 202.20(c)(2)(vii)(D)(2).

As a general rule, databases are considered machine-readable works because they are fixed or published in optical discs, magnetic tapes, or similar storage media, and as a result they cannot be perceived without the aid of a machine or device. *See* 37 C.F.R. § 202.20(c)(2)(vii).

### 1112.2 The Scope of a Group Registration for a Database

The legislative history for the Copyright Act states that "computer data bases" may be protected by copyright "to the extent that they incorporate authorship in the programmer's expression of original ideas, as distinguished from the ideas themselves." H.R. REP. No. 94-1476, at 54 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5667.

When examining a database, the principle question that the U.S. Copyright Office must consider is whether the selection, coordination, and/or arrangement of data or other component elements within the database is sufficiently creative to warrant registration. A database and/or the updates or revisions to that database typically contain the following forms of authorship:

- The selection authorship involved in choosing the material or data that is included in the database.

- The coordination authorship involved in classifying, categorizing, ordering, or grouping the material or data.

- The arrangement authorship involved in determining the placement or arrangement of the material or data within the database as a whole.

Each form of authorship may provide a basis for registering a database, provided that the selection, coordination, and/or arrangement is sufficiently creative.

If the work is registrable as a database, the registration may cover the component elements that appear within the database, such as photographs, sound recordings, or videos, provided that (i) the claimant owns the copyright in those elements, (ii) there is a sufficient amount of creative expression in those elements, and (iii) those elements have not been previously published or previously registered. (In no case may a claimant register elements that are in the public domain.) However, the copyrightable component elements are not sufficient – in and of themselves – to support a database registration unless the selection, coordination, and/or arrangement of those elements with the database is also sufficiently creative.

A group of updates or revisions should be submitted for group registration only if the updates or revisions meet the statutory standard for an original work of authorship. If they do not "satisfy the original work of authorship standard for copyright protection, then no new registration is necessary or warranted." Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,179 (Mar. 31, 1989). "Where the Office determines that only a few minor revisions have been made in the representative deposit, registration will be subject to question, and absent more justification, will be denied." *Id.*

In all cases, the author's selection, coordination, and/or arrangement must be evident in the deposit material. If the identifying material or the descriptive statement do not demonstrate that the updates or revisions constitute an original work of authorship, the Office may communicate with the applicant or may refuse to register the claim.

### 1112.3   The Scope of a Group Registration for a Photographic Database

As a general rule, the U.S. Copyright Office encourages photographers, stock photography companies, database providers, and other interested parties to register their works using the group registration options for published or unpublished photographs, rather than the group registration for photographic databases.

A registration for a photographic database covers the authorship involved in selecting, coordinating, and arranging the content of the database as a whole. It also may cover the individual photographs within the database if the photographers transferred the exclusive rights in their respective works to the owner of the database, and if the selection, coordination, and arrangement of those photographs is sufficiently creative. If the selection, coordination, or arrangement of the photographs in the database or its

updates is not sufficiently creative using an objective standard, the registration specialist will refuse registration.

Photographers often display their works on websites and distribute them in catalogs. But as discussed in Section 1112, websites and catalogs are not considered databases for purposes of registration. If the Office determines that a particular website or catalog does not qualify as a database, it will refuse to register that work as a photographic database or as a group of updates or revisions to a database.

Moreover, registering photographs as part of a photographic database may limit the copyright owner's ability to seek certain remedies in an infringement action. The Copyright Act states that a copyright owner may be entitled to recover "an award of statutory damages for all infringements involved in [an infringement] action, with respect to any one work," but "[f]or purposes of this subsection all parts of a compilation . . . constitute one work." 17 U.S.C. § 504(c)(1).

A database is – by definition — a compilation. *See Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 676 (9th Cir. 2014) (concluding that a photographic database is a collective work). Consequently, when a group of photographs is registered as a database, the copyright owner may be entitled to seek only one award of statutory damages for the database as a whole – rather than a separate award for each photograph – even if the defendant infringed all the photographs covered by the registration.

By contrast, when a copyright owner registers a group of photographs under GRUPH or GRPPH, the registration covers each photograph in the group, but the group itself is not considered a compilation. 37 C.F.R. § 202.4(n). Therefore, any claim for infringement of those photographs would not be subject to the limitation set forth in Section 504(c)(1) of the Copyright Act.

*See generally* Group Registration of Photographs, 81 Fed. Reg. 86,643, 86,645, 86,654 (Dec. 1, 2016).

### 1112.4  Eligibility Requirements

An applicant may use this group registration option to register a group of updates or revisions to a database, provided that the following conditions have been met:

- The updates or revisions must be original works of authorship.

- The updates or revisions must be added to a database as defined in Section 1112.1.

- All the updates or revisions to the database must have the same general title.

- The subject and general content of the updates or revisions must be similar.

- The organization of the updates or revisions must be similar.

- All the updates or revisions must be owned by the same copyright claimant.

In addition, the applicant must satisfy the following conditions if the database is unpublished:

- The database and/or the updates or revisions to the database must be fixed solely in machine-readable copies.

- The database and/or the updates or revisions must be created within a three-month period within a single calendar year (*e.g.*, February 1, 2007 through April 30, 2007; May 1, 2008 through July 31, 2008; September 1, 2009 through November 30, 2009).

If the database has been published, the applicant must satisfy the following conditions:

- The database and/or the updates or revisions must be published solely in machine-readable copies.

- The database and/or the updates or revisions must be published within a three-month period within a single calendar year (*e.g.*, June 1, 2011 through August 31, 2011; July 1, 2010 through September 30, 2010; September 1, 2012 through November 30, 2012).

- If the database was published before March 1, 1989, each update or revision must bear a separate copyright notice, the notice must contain the copyright owner's name (or an abbreviation by which the owner can be recognized or a generally known alternative designation for the owner), and the name that appears in each notice must be the same.

*See* 37 C.F.R. § 202.3(b)(5)(i)(A)-(F).

Databases, updates, or revisions that do not satisfy these requirements cannot be registered using this group registration option.

### 1112.5  Application Requirements

As a general rule, the applicant must use a paper application to register a database and/or a group of updates or revisions to that database. *See* 37 C.F.R. § 202.3(b)(5)(ii)(A). Unlike most group registration options, applicants do not need to use a special form. Instead, the applicant should use the form that is most appropriate for the subject matter of the works that appear in the database. *See id*. For example, if the works in the database consist primarily of words, numbers, or other verbal or numerical symbols or indicia, the applicant should use Form TX. If the works consist predominantly of photographs, the applicant should use Form VA. For guidance on completing the paper application, see Section 1112.8.

There is a limited exception to this rule. A database that consists predominantly of photographs and/or the updates or revisions to that database may be registered with an online application as a result of a pilot project. *See* 37 C.F.R. § 202.3(b)(5)(ii)(A). Before completing an online application, the applicant must contact the Visual Arts Division at (202) 707-8202 to coordinate the filing and to obtain proper guidance concerning the

information that should be included in the application and the proper method for submitting the deposit copies. Applicants will be permitted to file an online application for a database that consists predominantly of photographs only if they obtain authorization from the Visual Arts Division and follow the instructions from the Division. *See* Registration of Claims to Copyright, 76 Fed. Reg. 4072, 4075 (Jan. 24, 2011).

### 1112.6  Filing Fee Requirements

The applicant must submit the correct filing fee for this group registration option. *See* 37 C.F.R. § 202.3(b)(5)(ii)(B).

The current fee for registering a group of updates or revisions to a non-photographic database is set forth in the U.S. Copyright Office's fee schedule under the heading "Registration of updates or revisions to a database that predominantly consists of non-photographic works."

The current fee for registering a photographic database is set forth in the Office's fee schedule under the heading "Registration for a database that predominantly consists of photographs and updates thereto."

For information concerning the methods for paying the filing fee, see Chapter 1400, Sections 1412.3 through 1412.5.

### 1112.7  Deposit Requirements

This Section discusses the deposit requirements for registering a database and/or a group of updates or revisions to that database. All applicants must comply with these requirements, regardless of whether they intend to register the updates or revisions for a single-file database or a multi-file database.

These requirements are intended to alleviate some of the administrative burdens involved with examining a group of related works. In developing these requirements, the Office also considered the unique factors that distinguish databases from other types of works, such as "frequent updates; incremental changes, which are sometimes minor; the absence of a hard-copy record of the changes in general; and the tendency to commingle copyrightable and uncopyrightable matter." Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,178-79 (Mar. 31, 1989).

### 1112.7(A)  Databases That Do Not Consist Predominantly of Photographs

This Section discusses the deposit requirements for a database that does not consist predominantly of photographs.

In all cases, the applicant should prepare and submit a brief statement that describes the database. The specific requirements for this descriptive statement are discussed in Section 1112.7(C).

The applicant does not need to submit a complete copy of the entire database. Instead, the applicant should gather a representative portion of the database using one of the

methods discussed below and should submit one copy of that material to the U.S. Copyright Office in a form that is visually perceptible without the aid of a machine or device. *See* 37 C.F.R. § 202.20(c)(2)(vii)(D).

As discussed in Section 1112.3, all the updates or revisions in the group must be created or published within a three-month period within the same calendar year. The applicant should select a representative date from that three-month period and gather fifty pages or fifty data records that appeared in the database on that date. *See* 37 C.F.R. § 202.20(c)(2)(vii)(D)(5). The pages or records should be marked to show the copyrightable updates or revisions that were created or published on the selected date. The applicant does not need to specify every copyrightable change that appears in these pages or records. However, the applicant should identify a sufficient amount of new material to demonstrate that the updates or revisions constitute an original work of authorship. *See* Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,178-79 (Mar. 31, 1989).

Alternatively, the applicant may select a representative date from the three-month period, and gather fifty pages or fifty data records that appeared in the database on that date. The pages or records must consist entirely of new copyrightable material that was created or published on the selected date. In addition, the applicant should submit a cover letter confirming that the pages or records are comprised entirely of new copyrightable material that was created or published on the same date. *See id.*

In all cases, the applicant should write the name of the database on the first page or the first record that is included in the deposit material.

If the database has been fixed in a CD-ROM and if the group of updates or revisions can be discerned from that format, the applicant may submit one complete copy of the entire CD-ROM package, including a complete copy of any accompanying operating software and instructional manual. 37 C.F.R. § 202.20(c)(2)(xix). If the registration specialist is unable to access the CD-ROM or unable to determine whether new copyrightable material was added to the database during the three-month period specified in the application, he or she will ask the applicant to submit a representative portion of the database using one of the methods discussed above.

If the database has been fixed or published in a CD-ROM and if the Office previously issued a group registration for that database, the applicant may submit a CD-ROM containing subsequent updates or revisions to that same database, provided that the descriptive statement (i) identifies the new material that was added to the database during the period specified in the application, and (ii) confirms that the updates or revisions are similar to the updates or revisions specified in the previous registration.

The deposit may be delivered by mail, commercial carrier, courier, or hand delivery to the Public Information Office. Packages that are delivered to the U.S. Copyright Office by mail or commercial carrier will be irradiated to destroy possible contaminants, such as anthrax. This process may damage CD-ROMs or other discs. To avoid this result, applicants are strongly encouraged to send these types of materials in boxes rather than envelopes. For additional guidance on delivering items to the Office, see Chapter 1500, Section 1508.2.

**1112.7(B)    Databases That Predominantly Consist of Photographs**

This Section discusses the minimum deposit requirements for a database that consists predominantly of photographs. In some cases, the Visual Arts Division may ask the applicant to submit additional deposit material, particularly when the claim is submitted using the electronic registration system. For specific guidance, applicants should contact the Visual Arts Division at (202) 707-8202.

In all cases, the applicant should prepare and submit a brief statement that describes the database. The specific requirements for this descriptive statement are discussed in Section 1112.7(C).

If the applicant intends to register the photographs that were added to the database during the period specified in the application, the applicant must submit a copy of each photograph that is included in the claim. *See* 37 C.F.R. § 202.20(c)(2)(vii)(D)(8).

The applicant must submit the photographs in a digital form, and each photograph must be submitted in JPEG, GIF, or TIFF formats.

In addition, the applicant must submit a sequentially numbered list containing the title and file name for each photograph in the group. The title and file name for a particular photograph may be the same. If the photographs have been published, the list must provide the month and year of publication for each photograph. The U.S. Copyright Office has developed a template that may be used to create this list, which is discussed in more detail in Section 1114.6(A).

The list must be submitted in an Excel format (.xls), Portable Document Format (PDF), or other electronic file format approved by the Visual Arts Division. The file name for the list must contain the title of the database. It should also include the case number that has been assigned to the claim by the electronic registration system. This number appears near the top of each screen of the online application. (If the claim is submitted on a paper application, a case number is not required.)

*Examples:*

- Online application:

    o *Title of database*: North American Wildlife.

    o *Case number*: 1-62883927239.

    o *File name for the numbered list:*
    northamericanwildlifecasenumber162883927239.xls

- Paper application:

    o *Title of database*: South American Landscapes.

    o *File name for the numbered list:*
    southamericanlandscapes.pdf

The applicant may upload the digital files to the electronic registration system, preferably in a .zip file containing all the files, provided that the applicant (i) obtains prior authorization from the Visual Arts Division, and (ii) submits the online application and the deposit copies after consulting with, and under the supervision of, that Division.

Alternatively, the applicant may save the digital files on a physical storage device, such as a flash drive, CD-R, or DVD-R, and may deliver the device to the U.S. Copyright Office along with the required shipping slip generated by the electronic registration system by mail, commercial carrier, courier, or hand delivery to the Public Information Office. For additional guidance on these delivery options, see Chapter 1500, Section 1508.2.

If the applicant intends to register the authorship involved in selecting, coordinating, and/or arranging the photographs that appear in the database, but does not intend to register the individual photographs, the applicant should submit a representative portion of the database using one of the methods described in Section 1112.7(A).

*See generally* Group Registration of Photographs, 81 Fed. Reg. 86,643 (Dec. 1, 2016); Deposit Requirements for Registration of Automated Databases That Predominantly Consist of Photographs, 76 Fed. Reg. 5106 (Jan. 28, 2011); Registration of Claims to Copyright, 76 Fed. Reg. 4072 (Jan. 24, 2011).

**1112.7(C)**  **Descriptive Statement**

In all cases, the applicant must submit a brief typed or printed statement containing the following information:

- The title of the database.

- The name and address of the copyright claimant.

- A subtitle, date of creation, or date of publication (if any) that may be used to distinguish any separate or distinct data files within the database.

- The name and content of each separate data file, including its subject, the origin(s) of the data, and the approximate number of data records that it contains.

- The nature and frequency of the changes in the database and the location within the database or the separate data files where the changes appear. When describing the nature of the changes, applicants should clearly articulate the authorship claimed in these changes.

If the database contains a copyright notice, the descriptive statement should provide the following information:

- If the notice is in a machine-readable format, the applicant should provide the exact content of the notice and indicate the manner and frequency with which it is displayed (*e.g.*, at a terminal when a user signs on, continuously on the terminal display, on printouts from the database, etc.).

- If the notice appears on copies of the database or on magnetic tape reels or the containers for those reels, the applicant should submit a photocopy or other sample of the notice.

*See* 37 C.F.R. § 202.20(c)(2)(vii)(D)(5)-(7).

### 1112.8  Completing the Application: Group Registration of Databases

This Section provides guidance for registering a database and/or a group of updates or revisions using Forms TX or VA.

The U.S. Copyright Office has established a pilot program for applicants who wish to register databases that consist predominantly of photographs using the electronic registration system. As discussed in Section 1112.4, applicants must contact the Visual Arts Division for authorization to use the online application and for guidance in completing the application and submitting the deposit copies.

As discussed in Section 1112.3, the updates or revisions in the group must be created or published within a period of three months or less. The application may be submitted on the last day of this period or anytime thereafter (regardless of whether the applicant uses the online registration system or a paper application). However, if the application is received before the last day of the period specified in the application, the registration specialist will communicate with the applicant.

### 1112.8(A)  Space 1: Title

The applicant should provide the title of the database on space 1 of the application under the heading marked Title of This Work. The title should be provided together with the following statement: "Group registration for database titled [*insert the title of the database*]."

As discussed in Section 1112.3, all the updates or revisions in the group must be created or published within a three-month period within the same calendar year. This period should be specified on space 1 of the application under the heading marked Title of This Work, preferably in the following format: "Updates and revisions from [*insert first date in the period*] to [*insert the last day in the period*]."

As discussed in Section 1112.7(A), the applicant should select a representative date from the period specified in the Title of This Work space, and submit fifty pages or fifty data records that were added to the database on that date. The applicant should provide that date in space 1 under the heading marked Publication as a Contribution, preferably in the following format: "Representative Date: [*insert month, day, and year*]." In addition, the applicant should specify the frequency that updates or revisions are made to the database (*e.g.*, daily, weekly, monthly, etc.).

If the applicant is unable to submit fifty records from a specific date, the applicant may submit a selection of records that were added to the database on multiple dates. In this situation, the applicant may provide a range of dates in space 1, preferably in the following format: "Representative Dates: [*insert month(s), day(s), and year here*]."

**NOTE:** There is no need to complete the Publication as a Contribution space if the database consists predominantly of photographs.

### 1112.8(B) Space 2: Name of Author / Nature of Authorship

In space 2(a) the applicant should provide the full name of the author who created the updates or revisions for the database, as well as the author's country of citizenship and/or domicile.

If the updates or revisions were created by more than one author, the applicant may list the other authors on spaces 2(b) and 2(c) or on Form CON, although providing this information is optional.

If the updates or revisions were created as works made for hire, the applicant should check the box marked "yes" that appears under the heading "was this contribution to the work a 'work made for hire'?"

For guidance in providing the Author's Name, see Chapter 600, Section 613.9. For guidance in providing the author's citizenship and domicile, see Chapter 600, Section 617. For a definition and discussion of works made for hire, see Chapter 500, Section 506.

The applicant should identify the copyrightable authorship that the author contributed to the updates or revisions. The applicant should provide this information in space 2(a) under the heading marked Nature of Authorship.

The Office may accept any of the terms listed below, provided that they accurately describe the copyrightable authorship that appears in and is supported by the deposit copy. In most cases, the Office will accept combinations or variant forms of these terms, unless they are contradicted by information provided in the deposit copies or elsewhere in the registration materials.

- Compilation of data.

- Compilation of database information.

- Compilation of photographs.

- Compilation of artwork.

- Compilation and text.

- Revised and updated compilation.

- Text of database.

**NOTE:** The applicant should also submit a separate descriptive statement that describes the selection, coordination, and/or arrangement that the author contributed to the database. For information concerning this requirement, see Section 1112.7(C).

The authorship that the applicant intends to register should be clearly identified in the application and the descriptive statement, and the claim to copyright in that authorship should be clearly stated. If the claim is unclear, the registration specialist may communicate with the applicant or may refuse registration. Examples of unclear terms include the following or any combination of the following:

- Data dictionary.

- Data insertion.

- Data layout or format.

- Data manipulation.

- Database features.

If the applicant asserts a claim in both the copyrightable and uncopyrightable features of the database, the registration specialist may annotate the application to indicate that the registration does not extend to the uncopyrightable features. If the applicant asserts a claim to copyright in any storage medium or any feature of the database that is uncopyrightable, the specialist may communicate with the applicant or may refuse registration if the claim appears to be based solely on those features. Examples of unacceptable terms include the following or any combination of the following:

- Database design.

- Database interface.

- Database structure.

- Data system.

For additional guidance in completing the Nature of Authorship space, see Chapter 600, Section 618.4(B).

### 1112.8(C) Space 3(a): Year in which Creation of This Work Was Completed

As discussed in Section 1112.3, the updates or revisions must be completed within a three-month period within a single calendar year.

In space 3(a) the applicant should provide the year that the author completed the specific updates or revisions that will be submitted for registration. The applicant should not provide a year of completion for the first version of the database or any updates or revisions that are not included in the group.

### 1112.8(D) Space 3(b): Date and Nation of First Publication of This Particular Work

If the updates or revisions have been published, the applicant should provide the last date (month, day, and year) that updates or revisions were published during the time period specified in the Publication as a Contribution space. If the updates or revisions have not been published, this portion of the application should be left blank.

For a general discussion of publication issues, see Chapter 600, Section 612.

### 1112.8(E) Space 4: Copyright Claimant(s)

As discussed in Section 1112.3, the copyright in the updates and revisions must be owned by the same claimant. The applicant should provide the claimant's full name and address in space 4 of the application. For guidance on completing this portion of the application, see Chapter 600, Section 619.

If the author(s) and the claimant named in the application are not the same person, the applicant should provide a brief transfer statement that explains how the claimant obtained the copyright in the updates or revisions in the group. This information should be provided in space 4 under the heading marked Transfer. For guidance on completing this portion of the application, see Chapter 600, Section 620.9.

### 1112.8(F) Spaces 5 & 6: Previous Registration / Derivative Work or Compilation

If the updates or revisions contain an appreciable amount of material that has been previously registered with the U.S. Copyright Office, the applicant should exclude that material from the claim using the procedures described in Chapter 600, Section 621.8(F). If the updates or revisions contain an appreciable amount of material that has been previously published, material that is not owned by the copyright claimant, or material that is in the public domain, the applicant should exclude that material from the claim using the procedures described in Chapter 600, Sections 621.8(A) through 621.8(C). If the updates or revisions do not contain previously registered material, previously published material, public domain material, or material owned by a third party, this portion of the application may be left blank.

### 1112.8(G) Space 8: Certification

The applicant should certify and date the application on space 8 under the heading marked "Signature." The Office will accept a handwritten, printed, or typed signature. If the signature is handwritten, the first and last name of the person who certified the application should be typed or printed on the space marked "Typed or printed name and date." In addition, the applicant should check one of the boxes indicating whether he or she is an author of the work, the copyright claimant, an owner of one or more of the exclusive rights in the works, or a duly authorized agent of one of the foregoing persons. 37 C.F.R. § 202.3(c)(2)(i).

The application should be certified and submitted to the U.S. Copyright Office on or after the last date specified in space 1 of the application under the heading marked Title of This Work. If the application is certified or submitted before the last date specified in the Title of This Work space, the registration specialist may communicate with the applicant.

For additional guidance in completing the Certification space, see Chapter 600, Section 624.

### 1112.8(H) Spaces 7 & 9: Correspondent and Mailing Address for the Certificate

For guidance in completing the Correspondent space, see Chapter 600, Section 622.2. For guidance in providing the mailing address for the certificate, see Chapter 600, Section 622.4.

### 1112.9 Effective Date of Registration for a Group of Revisions or Updates to a Database

As discussed in Section 1112.3, all the updates or revisions in the group must be created or published within a three month period within the same calendar year. As discussed in Section 1112.8, the application may be submitted on the last day of this period or anytime thereafter.

The U.S. Copyright Office will assign an effective date of registration based on the date that the Office received the application, filing fee, and the deposit material, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration. 17 U.S.C. § 410(d).

*Example:*

- Farmers & Mechanics Bank submitted an application to register the updates and revisions that were made to its database between January 1, 2010 and March 31, 2010. The Office received the application and the filing fee on May 1, 2010, along with a printout containing fifty records from the database. On May 2, 2010, the Office received the descriptive statement for this claim. The Office

will issue a group registration with an effective date of registration of May 1, 2010.

For a general discussion of effective date of registration, see Chapter 600, Section 625.

### 1112.10   Databases That Do Not Satisfy the Group Registration Requirements

If the applicant is unable to use this group registration option, it may be possible to register the database as it existed on a particular date. A registration for a specific version of a database does not cover any subsequent updates or revisions that may be made to the database (regardless of whether the database is published or unpublished). For information on the practices and procedures for obtaining a registration for a specific version of a single-file or multi-file database, see Chapter 700, Section 727.

### 1113   [Reserved]

### 1114   Group Registration of Photographs

This Section discusses the U.S. Copyright Office's practices and procedures for registering a group of photographs. The Office has established a group registration option for unpublished photographs, and a separate group registration option for published photographs. When referring to these options, the Office uses the terms "GRUPH" and "GRPPH," respectively.

**NOTE:** The group registration option for unpublished photographs replaces the registration accommodation for "unpublished collections," which was eliminated effective March 15, 2019. For additional information concerning this change, see Section 1106.6.

When the Office receives a group of photographs, it will examine each photo to determine if it contains a sufficient amount of copyrightable authorship, and to confirm that the legal and formal requirements for registration have been met. A registration for a group of photographs covers the copyrightable authorship in each photo that is submitted for registration, and each photo is registered as a separate work. 37 C.F.R. § 202.4(n).

If an unpublished photograph has been registered with the Office it does not have to be registered again if it is subsequently published (although as discussed in Chapter 500, Section 510.1, the Office will register the first published edition of a work even if the unpublished version and the published version are substantially the same). Registering an unpublished photograph prior to infringement will preserve the copyright owner's ability to seek statutory damages and/or attorney's fees in an infringement action.

For guidance on registering a single photograph, see Chapter 900, Section 909. For information concerning the option for registering a group of photos that have been published as contributions to periodicals, see Section 1110. For a general overview of the similarities and differences between the options for registering a group of photographs and a group of contributions to periodicals, see Section 1117.