Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone: 310.276.6664
Facsimile: 310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
JOBIAK, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBIAK, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> BOTMAKERS LLC, d.b.a. TARTA.AI, a Delaware Limited Liability Company <br><br> Defendant. | Case No.: 2:23-cv-8604-MEMF(MRW) <br><br> **PLAINTIFF JOBIAK, LLC'S OPPOSITION TO MOTION TO DISMISS** <br><br> Date: July 11, 2024 <br> Time: 10:00 a.m. <br> Judge: The Honorable Frimpong <br> Courtroom: 8B, 8th Floor, United States District Court, 350 West First Street, Los Angeles, CA 90012. |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES……………….... 4

I.   THE COURT HAS PERSONAL JURISDICTION OVER TARTA.AI AND VENUE IS APPROPRIATE IN THE CENTRAL DISTRICT……………………………………………………..……... 4

    A. There is General Personal Jurisdiction over Tarta.Ai ………………..4

II.   VENUE IS PROPER IN THIS FORUM ON ALL CLAIMS………........6

III.   JOBIAK'S COPYRIGHT CLAIM IS ADEQUATELY PLEADED……7

    A. Jobiak owns a valid copyright……………………………….…… 7

    B. Tarta.Ai violated Jobiak's exclusive rights……………………….….7

IV.   JOBIAK'S CFAA AND CDAFA CLAIMS ARE ADEQUATELY PLEADED…………………………………………………………….... 8

V.   JOBIAK'S DMCA CLAIM IS ADEQUATELY PLEADED………….10

VI.   TARTA.AI'S REFERENCE TO OTHER CASES….…………………10

VII.   CONCLUSION…………………………………………………….......11

# TABLE OF AUTHORITIES

Page

**Cases**

Bell v. Wilmott Storage Servs., LLC,
    12 F.4th 1065 (2021)……………………………………………………..8

Creer v. World Reserve Monetary Exch.,
    U.S. Dist. LEXIS 165356 (2011)………………………………………….6

DocMagic, Inc. v. Ellie Mae, Inc.
    745 F.Supp.2d 1119 (N.D. Cal. 2010)……………………………………9

Ellison v. Robertson,
    357 F. 3d 1072, 1076 (9th Cir. 2004)……………………………………...7

GeoSolutions B.V. v. Sina.Com Online
    U.S.Dist.LEXIS 192674 (N.D.Cal. 2023)…………………………….....4

hiQ Labs, Inc. v. Linkedin Corp.,
    31 F.4th 1180 (9th Cir. 2022)……………………………………………...9

PhantomALERT, Inc. v. Google Inc.,
    U.S. Dist. LEXIS 167754 (2015)………………………………………….7

Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.,
    U.S. Dist. LEXIS 40924 (9th Cir. 2023)………………………………….8

James W. Newton v. Diamond,
    204 F. Supp. 2d 1244 (9th Cir. 2002)……………………………………..8

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's California UCL claim is subject to copyright preemption, as defendant contends. Other than that, defendant's arguments should not prevail. The court has personal jurisdiction over defendant, this action is properly venued in the Central District of California, and the individual claims are adequately pleaded.

## I.

## THE COURT HAS PERSONAL JURISDICTION OVER TARTA.AI AND VENUE IS APPROPRIATE IN THE CENTRAL DISTRICT

The basis for general jurisdiction over a legal entity typically lies in the entity's place of incorporation and its principal place of business. These are considered the "paradigm" bases for jurisdiction, as they are places where the entity is essentially at home. *GeoSolutions B.V. v. Sina.Com Online* (N.D.Cal. Oct. 26, 2023, No. 21-cv-08019-PCP) 2023 U.S.Dist.LEXIS 192674.

### A. There is General Personal Jurisdiction over Tarta.Ai

As alleged in the complaint, personal jurisdiction over the Defendant is established as Defendant maintains a principal place of business in Playa Vista, CA. *See* Dkt. 1, ¶12. In addition, Defendant has purposefully availed itself of the benefits and privileges of transacting business within the State of California. *Id.*

The Defendant contends that its principal place of business is in Ukraine and has provided declarations to support this claim. *See* Dkt. 20, p.5, Smirov Decl., Gamaniuk Decl.. The Defendant also asserts that the allegation regarding its principal place of business is conclusory.

Prior to initiating this complaint, the Plaintiff conducted a search on the Defendant's place of business. Although the Defendant is incorporated in Delaware, an internet search revealed that Tarta.ai is headquartered in California, as represented on the Defendant's LinkedIn and Twitter pages. (Khalifeh Decl. ¶¶3-4)

At least as of April 6, 2024, Tarta.ai's LinkedIn page listed Playa Vista, CA, as its headquarters. (Khalifeh Decl. ¶5)



However, by the time the Defendant filed this motion, the headquarters had been changed to Kyiv, Ukraine, potentially indicating an attempt by the Defendant to evade jurisdiction in this district. (Khalifeh Decl. ¶7)



Additionally, affiliated LinkedIn pages related to Tarta.ai indicate that their headquarters is in Los Angeles, CA. Upon information and belief, these entities are connected to Tarta.ai, particularly as they share the same operating logo. (Khalifeh Decl. ¶8)



As Defendant has its principal place of business within this district, general jurisdiction over it exists. When general jurisdiction is established, the forum state has jurisdiction over the defendant regardless of where the events giving rise to the litigation occurred. *See Creer v. World Reserve Monetary Exch.,* 2011 U.S. Dist. LEXIS 165356.  This holds true despite the Defendant's surreptitious attempt to change its corporate profile subsequent to the initiation of this lawsuit.

The Defendant alleges that there is no specific jurisdiction over them. However, this discussion is moot due to the existence of general jurisdiction. Nevertheless, the Plaintiff maintains its position in the complaint that the Defendant has purposefully directed its activities within this forum. *See* Dkt. 1.

## II.

## VENUE IS PROPER IN THIS FORUM ON ALL CLAIMS

Venue for copyright claims essentially boils down to whether there is personal jurisdiction over the copyright defendant in the forum. There is personal jurisdiction over Tarta.ai in this forum, so the venue requirement is satisfied as well.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Proper venue for Jobiak's other claims exists if there is personal jurisdiction over Tarta.Ai in this district. There is such jurisdiction for the reasons previously discussed, and venue is appropriate.

### III.
### JOBIAK'S COPYRIGHT CLAIM IS ADEQUATELY PLEADED

As mentioned in Defendant's motion, the elements of a copyright infringement claim are (1) ownership of a valid copyright; and (2) that defendant violated the copyright owner's exclusive rights under the Copyright Act." *See* Dkt. 20, citing *Ellison v. Robertson,* 357 F. 3d 1072, 1076 (9th Cir. 2004).

#### A. Jobiak owns a valid copyright

Plaintiff is the owner of U.S. Copyright Registration. No. TX 0-309-827, for its Automated Database Entitled "ALL JOBS by Jobiak". *See* Dkt. 1 ¶16. This copyright registration covers a compilation of database information including job descriptions, categories, job listings, and layout designs. Plaintiff's automated database consists of wholly original material, which is copyrightable subject matter pursuant to 17 U.S.C. § 101 *et seq*.

It has been held in this circuit that an automated database can be copyrightable, this is determined by the originality of its selection, coordination, or arrangement. Under 17 U.S.C. § 101, if these elements are arranged in such a way that the resulting work as a whole constitutes an original work of authorship, the database can be protected by copyright. *See PhantomALERT, Inc. v. Google Inc.,* 2015 U.S. Dist. LEXIS 167754.

#### B. Tarta.Ai violated Jobiak's exclusive rights

Tarta.ai has been "scraping" the data from Plaintiff's website and using the individual listings from its Database on at least the Tarta.Ai website. *See* Dkt.1 ¶18-20.

The defendant argues that these individual listings are not protected by Jobiak's copyright registration. However, Jobiak's copyright covers a database that includes these individual listings. Copying any part of a copyrighted database, even if it comprises individual listings, still constitutes copyright infringement.

In the case of *Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, 2023 U.S. Dist. LEXIS 40924, the court rejected the argument that copying "24 lines of code which represented less than 1/100th of one percent of the overall codebase" was de minimis copying. In the context of copyright infringement, this Circuit has established that the key factor is not merely the quantity of the copied material, but whether the copied portion is material and substantial. See *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, and *James W. Newton v. Diamond*, 204 F. Supp. 2d 1244. Whether the copied portion is material and substantial is a question of fact that Plaintiff and Defendant may demonstrate in the course of this proceeding.

## IV.
## JOBIAK'S CFAA AND CDAFA CLAIMS ARE ADEQUATELY PLEADED

Defendants allege Jobiak has not sufficiently alleged that Tarta.Ai acted without authorization or exceeded authorized access. Plaintiff alleged in its Complaint that it has implemented a comprehensive security strategy, including servers that restrict access to the job listings to prevent scraping, limiting access to the listings, and detection mechanisms designed to identify and block unauthorized access. Specifically, Jobiak employs protocols that detect and prevent an unusually high volume of requests from a single IP address, thereby thwarting automated scraping efforts. These security measures are robust and specifically tailored to prevent the very type of unauthorized access that Tarta.Ai engaged in. By circumventing these security measures, Tarta.Ai acted without authorization and

exceeded any permissible access, thereby violating the CFAA and the CDAFA. See Dkt.1, ¶ 47-48.

Defendant makes a mention of hiQlabs, Inc. v. Linkedin Corp. in support of its argument. The only issue before the 9th Circuit in *hiQ Labs, Inc. v. Linkedin Corp.*, 31 F.4th 1180 (9th Cir. 2022) was whether Linkedin could use the CFAA to prevent scraping of information regarding Linkedin members that was in their public profiles, and generally available to any other Linkedin member. 31 F.4th at 1184 – 1185. The only issue decided was that in the pre-trial phase of the litigation, hiQ was entitled to an injunction against Linkedin preventing hiQ from accessing that generally available information. *Id.* at 1202. hiQ has very limited relevance to this action because Jobiak's ALLJOBS database is not generally available to the public; instead, individuals or business entities are required to obtain a license and access credentials to use specified data, and access to and use of the data is restricted in a variety of ways.

As for the allegations of damages under the CFAA, Jobiak's complaint is adequate. The allegation found inadequate as a formulaic recitation in *DocMagic, Inc. v. Ellie Mae, Inc*., 745 F.Supp.2d 1119, 1150 (N.D. Cal. 2010) was:

> "Ellie Mae has suffered damages and loss . . . including, without limitation, harm to Ellie Mae's data and/or computer(s) and other losses and damages in an amount to be proven at trial, but in any event, over $5000 aggregated over a one-year period."

Jobiak's allegation at paragraph 52 of the Complaint is:

> "Plaintiff has suffered damage and loss by reason of these violations, including, without limitation, harm to Plaintiff's computer systems, expenses associated with being forced to investigate and respond to the unauthorized access and abuse of its computers and servers, and other losses and damage in an amount to be proven at trial, in excess of $ 5,000 aggregated over a one-year period."

Jobiak's allegation is still "formulaic" but does contain more factual detail referencing expenses of investigation and response than the allegation deemed

insufficient in DocMagic. If the court deems Jobiak's allegation of damages inadequate, then it should grant leave to amend, which is exactly what Ellie Mae was granted. *DocMagic*, *Id.*

## V.
## JOBIAK'S DMCA CLAIM IS ADEQUATELY PLEADED

Tarta.Ai maintains that Jobiak's claims are insufficiently pled because the website is accessible to the general public. While it is true that Jobiak intends for the public to access its services, this does not extend to Jobiak's proprietary, copyrighted ALLJOBS database, which is not openly available to the public. Access to portions of that database is protected by protocols, restricted access and other means, as alleged at paragraphs 47 and 48 of the Complaint:

> 47. As a precautionary measure against computer fraud and abuse, Plaintiff has implemented a comprehensive security strategy. This includes utilizing AWS servers and the security features they provide, restricting access to the job listings to prevent scraping and permitting only specific IP addresses to access the listings and implementing protocols designed to detect and prevent an unusually high volume of requests originating from a single IP address within a short time frame.

> 48. Defendant knowingly and intentionally accessed Plaintiff's computers and servers without authorization or in excess of authorization. They have circumvented various technological barriers Plaintiff has employed to protect its computers, servers, and automated database against unauthorized access.

Jobiak's allegations are sufficient at this stage of the litigation.

## VI.
## TARTA.AI'S REFERENCE TO OTHER CASES

In its Motion, Defendant includes as an exhibit and repeatedly references the case of *Jobiak LLC v. Aspen Technology Labs*, which also involves the Plaintiff. However, it is crucial to recognize that the circumstances and facts of the Aspen Technology Labs case are significantly different from those of the present case. By

10

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

highlighting the Aspen case, Defendant seems to be attempting to divert the Court's attention away from the specific facts and issues pertinent to this action. This tactic is misleading and should not detract from the Court's focus on the merits of the case at hand. The factual and legal context here is distinct and warrants independent consideration without the undue influence of unrelated cases.

## VII.
## CONCLUSION

Tarta.Ai's Motion should be denied. Jurisdiction and venue are proper in this district, and all of Plaintiff's claims are sufficiently pleaded to proceed with the fact-finding stage of the litigation. Should the Court find that the Plaintiffs have not plausibly established jurisdiction and venue, Plaintiffs respectfully request permission to conduct limited-scope discovery on the issue of jurisdiction. This would enable the Plaintiffs to gain further insight into the Defendant's representations under oath, particularly where these representations appear to conflict with the facts presented. Furthermore, the Plaintiff would seek leave to amend the Complaint based on any findings and requests additional time to conduct this targeted jurisdictional discovery.

Dated: May 22, 2024                                **OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff
Jobiak, LLC